ARNOLD A. GUNN, PETITIONER, v. ACCURATE FORMING CO., RESPONDENT.

Sussex County Court
Law Division

Decided December 3, 1965.

*Messrs. David & Albert L. Cohn (Mr. Richard M. Lifland, appearing) attorneys for petitioner.*

*Mr. Isador Kalisch* attorney for respondent.

Concilio, J. C. C. This is a workmen's compensation appeal. It was stipulated by the parties that petitioner Gunn was in the employ of respondent on March 7, 1961, earning wages in excess of $67.51, and that in the event of a recovery he would be entitled to receive workmen's compensation benefits at the maximum compensation rate provided.

It appears from the testimony that about 2:15 P.M. on March 7, 1961 Gunn, employed by respondent as a machine operator, was advised by one of the supervisory employees, to make sure he cleaned his machine before leaving for the day. Evidently Gunn felt that this was not his job and so told the supervisory employee. He was later advised that if he did not clean his machine, his employment would be termi-

nated. Gunn did not relent and was told his services were no longer needed. He then picked up his tool box and proceeded to the lobby of the plant where Edward Cavallieri, one of the supervisory employees, blocked his exit, stating he wanted to inspect petitioner's tool box. He refused. Gunn testified that Cavallieri grabbed him around the neck with his left arm and hit him in the chest with his right fist. At the same time Gunn pushed against a wall, dropped his tool box and Cavallieri went backwards, taking Gunn with him. Gunn further testified that Cavallieri landed on his (Gunn's) left hand and the fall twisted his neck and head backwards and to one side. He also stated that he attempted to leave through the shop, by the rear exit and again Cavallieri grabbed his left shoulder and turned him around and pushed him.

Respondent's version is quite different. Cavallieri stated that any injury Gunn might have sustained was due to his own aggressiveness, and that he did not lay a hand on him.

After the smoke of the battle had cleared away, Gunn was allowed to leave the factory building. He placed his tool box in the trunk of his car, but his exit was again blocked by respondent's supervisory employees by placing a car across the driveway exit. The local police chief, who evidently had been summoned in the meantime, appeared on the scene and after he had talked to Gunn, the tool box was opened and there were found therein some tools belonging to respondent. Gunn was allowed to keep some; others were repossessed by the respondent. No criminal complaint was ever made by respondent against Gunn.

The court finds from the testimony that there was an assault and battery committed upon Gunn by another employee. To say the least, what actually happened in the plant lobby is confusing and conflicting. There is no question that respondent's employees attempted to prevent Gunn from leaving the plant after he had been informed he was no longer in its employ. Although Gunn's version seems to be sketchy, respondent's does not invite much credence. The court further finds that petitioner suffered some injury as a result of

the skirmish. * * * [The court reviews the medical testimony.] * * *

■■ It is elementary that the burden of proof is on the claimant to justify an award, and in determining whether he has sustained that burden the quality of evidence required is probability rather than certainty. The burden is sustained if the tendered hypothesis is based upon preponderance of the probabilities, and in that respect his burden is identical with that borne in any other civil proceeding. *Celeste v. Progressive Silk Finishing Co.*, 72 *N. J. Super.* 125 (*App. Div.* 1962); *Page v. Federated Metals Division*, 71 *N. J. Super.* 59 (*App. Div.* 1962).

Respondent contends that since petitioner received injuries after he was discharged, he is ineligible to receive workmen's compensation benefits.

The court has been unable to find any case on this point in New Jersey. Other jurisdictions have held that compensation coverage is not automatically and instantaneously terminated by the firing or quitting of the employee. He is deemed to be within the course of employment for a reasonable period while he winds up his affairs and leaves the premises. 1 *Larson, Workmen's Compensation Law* (1965 ed), § 26:10, p. 452.9; 99 *C. J. S. Workmen's Compensation*, § 229, p. 775; *Anderson v. Hotel Cataract*, 70 *S. Dak.* 376, 17 *N. W.* 2d 913 (*Sup. Ct.* 1945); *Johnson v. Safreed*, 224 *Ark.* 397, 273 *S. W. 2d* 545 (*Sup. Ct.* 1954).

■ The court finds that at the time the altercation took place at respondent's plant between petitioner and Cavallieri, Gunn's compensation coverage had not been terminated, and if he sustained any injury, it would be one arising out of and in the course of his employment, provided he were not the aggressor.

The question as to who was the aggressor may have some bearing on whether the dispute precipitating the assault arose out of and in the course of the employment or was purely a personal matter. Compensation has been denied where the injured employee was the aggressor; but it has

312

also been held that the fact that the injured employee was the aggressor will not defeat his claim for compensation where the altercation arose out of the employment. 99 *C. J. S. Workmen's Compensation*, § 226, *p*. 762.

█ In this case the court is satisfied that respondent's supervisory employee, Cavallieri, was the aggressor, and not petitioner.

█ Respondent further contends that petitioner should not recover because he had perpetrated a crime by stealing property belonging to it. The court is not too impressed with this contention; in fact, it finds it has no merit. This defense is an affirmative one, and as such the burden of proving that a crime was committed is upon respondent. The court finds this burden was not sustained. The elements necessary to prove a commission of the crime of larceny were not proved. * * * [The court finds that petitioner was injured on March 7, 1961, and suffers from certain physical residuals; that his nervousness is not attributable to that incident; and it reduces the Workmen's Compensation Division award to 7% of partial permanent.] * * *